UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHESTER STABENOW,

       Plaintiff,

SACRED HEART HOSPITAL,

       Subrogated Plaintiff,

  vs.

CITY OF EAU CLAIRE, EAU CLAIRE       Case No.  19-cv-1058
POLICE OFFICERS MICHAEL MCCLAIN,
WAYNE BJORKMAN, ELLEN
SCHROEDER, BREANNA GASPER, AND
MITCHELL HUNSLEY,

BONAFIDE RECOVERY AND
TRANSPORT, LLC, MICHAEL
MATIJEVIC, CARRIE BERNITT,

       Defendants.

## COMPLAINT

      COMES NOW the Plaintiff, Chester Stabenow, by his attorneys, Davey &
Goldman, by Lisa C. Goldman and Bruce M. Davey, and as and for his complaint alleges and
shows the court as follows:

### NATURE OF THE CLAIM

    1.    Plaintiff, Chester Stabenow, brings this civil rights action under color of state law,
of his rights, privileges and immunities secured by the Civil Rights Act of 1871, pursuant to 42
U.S.C § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and the
Constitution and laws of the State of Wisconsin, regarding actions on March 14, 2017.

2.      Defendants Bonafide Recovery and Transport, LLC, Michael Matijevic, and Carrie Bernitt aggressively followed Stabenow from work to his home at 1903 Lloyd Ave., Eau Claire, Wisconsin, on March 14, 2017, and proceeded to repossess the truck he was driving, his wife's vehicle, and lied to the police asserting Stabenow's wife and other family members had guns, bats, and a vicious dog that were attacking their tow truck, causing multiple officers to arrive on scene and ultimately leading to the excessive use of force against Chester Stabenow, which resulted in the loss of all of his front teeth when the officer defendants repeatedly punched and battered Mr. Stabenow.

3.      Defendants MICHAEL MCCLAIN, WAYNE BJORKMAN, ELLEN SCHROEDER, BREANNA GASPER, AND MITCHELL HUNSLEY upon information and belief are and were at all times herein police officers within the Eau Claire Police Department, employed by and authorized to act on behalf of the City of Eau Claire.

4.      Defendants MICHAEL MATIJEVIC and CARRIE BERNITT upon information and belief are and were at all times herein employees of Bonafide Recovery and Transport, LLC.

5.      Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorney fees and costs, and any such additional relief as the Court deems proper.

### JURISDICTION

6.      This action is brought pursuant to redress the deprivation of Plaintiff's rights.

7.      This Court has jurisdiction pursuant to 42 U.S.C. §1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

8.      Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 1343(3) and (4) as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

9.     Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

10.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

**VENUE**

11.     Venue is proper in the United States District Court for the Western District of Wisconsin, pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

**JURY DEMAND**

12.     Plaintiff demands a trial by jury in this action on each and every one of his claims.

**PARTIES**

13.     Plaintiff, Chester Stabenow, is a citizen of the United States, and was at all times relevant herein an adult resident of the County of Eau Claire, City of Eau Claire, State of Wisconsin living at 1903 Lloyd Ave., Eau Claire, Wisconsin 54701.  Currently, Mr. Stabenow resides at 122 N. Hill St., Fairchild, Wisconsin 54741.

14.     Defendant, City of Eau Claire is a municipal corporation, authorized under and created by the laws of the State of Wisconsin.  It is authorized by law to maintain and operate a Police Department.  Through its agents, supervisors, operating officers, Council, Departments, Commissions, Boards and Committees, its high level policy makers, Defendant City of Eau Claire establishes, promulgates and implements the policies of the Eau Claire Police Department,

with regard to hiring, training, supervision and discipline of the employees, officers and agents of the Department.

15.     Defendants MICHAEL MCCLAIN, WAYNE BJORKMAN, ELLEN SCHROEDER, BREANNA GASPER, AND MITCHELL HUNSLEY upon information and belief, are and at all times herein were, employees of the Defendant City of Eau Claire, acting under color of law and their authority as police officers, employees, and servants pursuant to the municipal customs, policies and practices of Defendant City of Eau Claire, acting through the Eau Claire Police Department.  Each of the defendant officers is sued in his/her individual capacity, and each acted under color of law and in the scope of his/her employment engaging in the actions alleged in this Complaint.

16.     At all times relevant herein, each of the individual defendants violated rights clearly established under the Constitution of the United States, in particular under the Fourth and Fourteenth Amendments, of which reasonable police officers and/or police supervisors acting under their respective circumstances would have known.

17.     Defendant BONAFIDE RECOVERY AND TRANSPORT, LLC, is a Wisconsin company with its principal place of business located at C4104 Dead End Road, Stratford, Wisconsin 54484-8410.  It is authorized to do and is doing substantial business in the State of Wisconsin.  Bonafide Recovery and Transport, LLC's registered agent for service of process is Michael A. Hughes, located at C4104 Dead End Rd., Stratford, Wisconsin 54484-8410.

18.     MICHAEL MATIJEVIC and CARRIE BERNITT are upon information and belief are adult residents of the State of Wisconsin and were employed at the time with Bonafide Recovery and Transport, LLC.  Upon information and belief Carrie Bernitt lives at 213801 Wiesman Rd., Stratford, WI 54484-4314.  Upon information and belief Michael Matijevic lives

at 603 W 14th St, Marshfield, WI 54449. Upon information and belief both are currently employed by Bonafide Recovery and Transport, LLC.

**STATEMENT OF FACTS**

19.    On March 14, 2017, Plaintiff Chester Stabenow finished work shortly before 11:00 p.m. at Great Northern Corporation and got into his wife's truck to drive home.

20.    Along the way, he was aggressively tailed and followed by an unknown tow truck.

21.    He drove around the neighborhood to avoid this truck but it continued to harass him by driving very closely behind him, and very quickly, following his every turn.

22.    Stabenow was frightened by this behavior as it was very late at night and he did not know or recognize the defendants' vehicle or recognize that it was a tow truck when it followed him.

23.    He pulled into his driveway and the truck immediately pulled in behind him and began to hook up Stabenow's wife's truck to tow it away or to repossess it.

24.    At the time of the repossession of the Gums' truck, no Court Order had been issued for the repossession of the vehicle and the owner of the vehicle, Marlene Gums, did not authorize removal of the vehicle.

25.    The Stabenow driveway is two cars wide and there were other cars in the driveway alongside where Stabenow pulled up in his wife's truck in addition to a vehicle in front of where Stabenow parked.

26.    Stabenow's wife Marlene Gums came outside, went up to the tow truck window and tried to talk with Defendants Matijevic and Bernitt, but neither would roll down their window or speak with her.

27.   Marlene Gums then began taking items from inside her truck.

28.   The driver and passenger in the tow truck, defendants Michael Matijevic and Carrie Bernitt, refused to speak with either Chester Stabenow or Marlene Gums regarding the personal property located in the truck, including a dining room table in the bed of the truck and attempted to drive away with the truck while Marlene Gums was trying to remove her personal property from the vehicle.

29.   Upon information and belief, defendants Michael Matijevic and Carrie Bernitt were on the phone with the 911 dispatch center providing false statements regarding Plaintiff Stabenow's driving and the actions at the Stabenow home.

30.   Upon information and belief Defendants Michael Matijevic and Carrie Bernitt lied to the 911 dispatcher and asserted that Chester Stabenow had a gun, a bat, knives, and a vicious dog.

31.   Upon information and belief Defendants Matijevic and Bernitt also lied to the 911 dispatcher and asserted Chester Stabenow and Marlene Gums were punching their tow truck window, and were going to smash the tow truck window.

32.   All of these statements were lies and contributed to the speed with which the police responded to the Stabenow home, located at 1903 Lloyd Dr., Eau Claire, Wisconsin.

33.   Defendants Matijevic and Bernitt also falsely asserted that seven (7) family members came out of the home, gathered around the tow truck, and were yelling at the caller and swearing at them.

34.   Eau Claire Police Officer Robert Schreier was the first officer to arrive on scene and he noted that Ms. Marlene Gums, plaintiff Stabenow's wife, was outside near her truck that was hooked up to the tow truck and that Ms. Gums was not holding any weapons.

35.     Officer Schreier also walked to the other side of the truck and saw Chester Stabenow and noted he did not have any weapons in his hands.

36.     Officer Schreier then escorted Gums to the other side of the Gums' truck and began speaking with her while other officers arrived on scene.

37.     While speaking with Ms. Gums Officer Schreier saw Defendant Officer McClain strike Stabenow in the face numerous times while Stabenow was pinned to the back of a vehicle trunk in the driveway.

38.     Meanwhile, Eau Claire Police Officer Michael Cullen was the second officer to arrive and he did so while Officer Schreier was speaking with Ms. Gums.

39.     Officer Cullen noted that shortly after he arrived other officers arrived and the situation was under control.

40.     Officer Cullen spoke with Defendants Matijevic and Bernitt.  Matijevic was driving and Bernitt was in the passenger seat.

41.     Officer Cullen told the Defendants that their conduct led to what happened that night.

42.     When Defendant Officer Breanna Gasper arrived on scene, she described other officers making contact with the people involved and that it appeared to her that people were calmed down. Defendant Officer Gasper contacted Eau Claire Police Sgt. O'Malley and was speaking with him when other Officers began to batter Chester Stabenow.

43.     When Defendant Officer Ellen Schroeder arrived on scene other officers were speaking with people on scene.

44.     Officer Schroeder noticed Chester Stabenow in the front yard and approached him to ask for his identity.

45.     In response Stabenow pulled out his wallet and got his driver's license out and put his wallet back into his pocket.

46.     Stabenow then identified himself to Schroeder as Chester Stabenow and put his hands back into his pocket.  At the urging of one of the other Defendant Officers Stabenow gave his driver's license to Defendant Officer Ellen Schroeder.

47.     When Defendant Officer Mitchell Hunsley arrived he stood to the side while other officers interviewed witnesses on scene.

48.     Defendant Officer Michael McClain arrived on scene and he saw several other officers speaking with multiple people.

49.     Defendant Officer McClain immediately approached Stabenow while he was calmly speaking with Defendant Officers Schroeder and Bjorkman.

50.     Upon information and belief Officer Bjorkman or Officer McClain asked Stabenow if he had anything in his pockets such as a knife or anything else.

51.     Stabenow calmly responded that he did have a knife in his pocket and also said, "yes, I have a knife."   And, at this time Stabenow's hands were out in front of him while speaking with the officers.

52.     Upon information and belief Officer Bjorkman or Officer McClain asked Stabenow where his knife was located.

53.     Stabenow then said to the officers with regard to his knife, "here you want it?"

54.     At the same time Stabenow reached into his right front pocket to give the officers his closed folded knife from work as he was asked to do by either Officer Bjorkman or Officer McClain.

55.     Without warning two of the three Officers speaking with Stabenow grabbed Stabenow's arms.

56.     Upon information and belief, one of the Defendant Officers then pushed one of the officers out of the way, grabbed Stabenow's arm and threw him toward a car parked in the driveway, slamming him forcefully into the back of the car.

57.     Upon information and belief, Stabenow was stabilized against the trunk of the vehicle with both hands behind his back by two or more defendant officers.

58.     Upon information and belief, at this same time, Defendant Officer Hunsley heard a disturbance involving other officers and Mr. Stabenow on the other side of the vehicles in the driveway and went to that location.

59.     He immediately grabbed Stabenow's left arm and placed it in an escort hold causing Stabenow pain and it is unknown whether he did this before or after Stabenow was slammed into the trunk of a vehicle in the driveway.  Regardless, it was excessive force as Mr. Stabenow had been and was cooperating with police directions.

60.     Upon information and belief, while Stabenow was pinned to the trunk of the vehicle in the driveway, one officer told Stabenow he cannot reach into his pocket.

61.     In response Stabenow agreed verbally stating, "Ok, ok, I won't."

62.     During this time multiple Defendant Officers still had Mr. Stabenow pinned against the trunk of the vehicle with his hand behind his back.

63.     Upon information and belief an officer told Stabenow to "stop" and Stabenow again responded, saying, "I will, I will, I will."

64.     Stabenow was cooperative and cooperating with the police at this time as well.

65.     Upon information and belief, while Defendant Hunsley or another officer held one of Stabenow's arms and Defendant Officer Bjorkman, or another officer, held the other arm, Officer McClain delivered multiple blows to Stabenow's face and mouth without warning and unprovoked by Stabenow.   Officer McClain continued to repeatedly and forcefully punch Stabenow in his face and his mouth, pounding Stabenow as he cried out in pain.

66.     While Officer McClain repeatedly punched Stabenow his arms were held behind his back by other Defendant Officers and Stabenow was pushed forward over the trunk of the car, making him helpless to McClain's unwarranted and unconstitutional use of force.

67.     Upon information and belief, the other Defendant Officers' hold of Stabenow, enabled McClain to use excessive force on Stabenow, and prevented Stabenow from protecting his mouth and face from the use of McClain's excessive force.

68.     Officer Hunsley with the assistance of Defendant Officers Bjorkman, Gasper, McClain, and Schroeder tackled Stabenow forcefully to the ground, causing Stabenow more pain.

69.     Defendant Officers then shoved Stabenow's face forcefully into the ground, leaving a pool of blood in the snow.

70.     Officers McClain and other defendants then sat on Stabenow and would not get up despite Stabenow crying out that he could not breath.

71.     Officer Gasper then grabbed Stabenow's legs, pinning him to the ground face down, until he was handcuffed, and started rummaging through his pockets after he was handcuffed.  Defendant Officer Gasper found a closed folded knife, in his pocket.

72.     While officers handcuffed Stabenow using excessive force, Stabenow continued to cry out that one or more of the officers involved were breaking his arm.  Stabenow continued to beg the officers not to break his arm.

73.     Despite Stabenow stating he could not breath the officers kept him face down on the ground for several minutes and put undue strain on his arms.

74.     Despite Stabenow remaining handcuffed with his hands behind his back, the officers refused to get him medical help until after the officers spent several minutes searching his pants and coat pockets.

75.     The Defendant Officers then made Stabenow get up, walk to the curb, and sit down in the wet snow on the curb.

76.     When Stabenow complained that his pants were too far down his backside and wanted assistance pulling up his pants so his butt wouldn't show to the public, the officers refused to assist him and forced him to sit and kneel in that condition for some time.

77.     Officer Hunsley then requested EMS as he could see McClain had punched out all of Stabenow's front teeth.

78.     After Stabenow was arrested, Defendants Matijevic and Bernitt were ordered to lower the Stabenow/Gums truck and Gums was allowed to remove the dining room table from the truck along with several fishing poles and other personal property.

79.     When the Defendant Officers placed Stabenow into the ambulance, they shoved him onto the gurney on his back while his hands were handcuffed behind his back causing Stabenow pain in his arms and wrists.

80.     After Stabenow was placed in an ambulance the defendant officers failed to secure his property, including his teeth, leaving them on the ground.

11

81.     Once at Sacred Heart Hospital Defendant Officer Schroeder took pictures of Stabenow's mouth.

82.     That as a result of the above-described conduct, and in violation of his constitutional rights, defendant Officers caused Plaintiff Chester Stabenow to incur pain, suffering, injury, emotional distress, humiliation, and economic loss.

83.     At all times herein, the force and threat of force used by the Defendants, acting in concert, jointly and severally with the other individual defendants was unnecessary, excessive, and unreasonable.

84.     The above defendants did participate, condone, assist and/or act in concert in the foregoing wrongful conduct that resulted in the unlawful seizure, use of unreasonable and excessive force, false arrest and false imprisonment, and/or did fail to intervene to prevent the foregoing unreasonable and unlawful acts so as to protect the Plaintiff from the excessive, unreasonable and wrongful acts of other Defendant police officers.

85.     The individual defendants' acts and omissions described above, all while acting under color of law and pursuant to customs, policies and/or practices of the City of Eau Claire through its police department, and were unreasonable, excessive, and performed in violation of Plaintiff's rights, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

86.     Defendant Bonafide Recovery and Transport, LLC is vicariously liable for the actions of its employees.

87.     As a direct and proximate result of the acts and conduct of the Defendants complained of herein, Plaintiff Stabenow has sustained the following injuries and damages, among others:

a.  Physical injuries to his face, teeth, head and body;

b.  Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

c.  Deprivation of liberty and property.

## CLAIMS

### COUNT I
### CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983
### INDIVIDUAL CAPACITY EXCESSIVE FORCE CLAIM – ALL EAU CLAIRE POLICE OFFICERS

88.  Plaintiff re-alleges the above paragraphs as if fully set forth herein.

89.  At all times material hereto, Defendants Eau Claire Police Officers had a legal duty to use only the amount and degree of force in the apprehension of suspects as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such persons.  Further, Defendants had a legal duty to use no force with a cooperating citizen.

90.  While in contact with Stabenow, defendant officers deliberately and intentionally struck Stabenow's body and face into the trunk of a vehicle, punched him numerous times in the face, tackled him to the ground, cut off his ability to breath, pulled on his arms, almost breaking them, forcefully sat on him, forcefully shoved his face into the ground, yelled at him, and forced him to sit and kneel in cold, wet, snow, with his pants have off of his backside.

91.  Defendants' intentional use of force created a likelihood of bodily injury.

92.  Mr. Stabenow posed no immediate threat to the safety of Defendants or others. Defendants knew Stabenow was cooperating while conversing with several officer and that Stabenow never threaten defendants in any manner.

93.    Under the circumstances, Defendants' use of non-deadly force was excessive and unconstitutional.

94.    By their actions, Defendants deprived Stabenow of the clearly established right to be free from force which was excessive under the circumstances, in violation of his rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution.

95.    At all times material hereto, Defendants had a legal duty to use only the amount and degree of force in the communication with members of the public in the investigation of possible criminal conduct by another individual, not the plaintiff herein, as was reasonable under the circumstances, for proper and efficient arrest, supervision, and control of such other persons.

96.    Defendants easily could have affected Stabenow's compliance by properly speaking to him calmly.

97.    Instead of using the above methods, Defendants physically harmed Stabenow's face, head, and body and caused Stabenow pain and suffering.

98.    As a direct, foreseeable, and proximate result of the acts and conduct of Defendants, plaintiff Stabenow has sustained the following injuries and damages, among others:

   a.  Physical injury;

   b.  Deprivation of liberty;

   c.  Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future.

## CLAIM II
## 42 U.S.C. 1983 – FOURTH AMENDMENT
## FALSE ARREST / FALSE IMPRISONMENT

99.     Stabenow incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

100.     At all times herein, Defendants confined Stabenow, through arrest, involuntarily and against his will, in the yard and in the Eau Claire County Jail, forcing him to remain even though he was not under suspicion of any wrong-doing and the defendants knew he had not done anything wrong.

101.     Once Stabenow was falsely arrested, defendants intentionally falsely imprisoned him, thereby depriving him, against his will and without lawful authority, of his personal liberty and freedom of movement, using actual physical force and the threat of force.

102.     The defendants' acts and conduct described above did violate the Plaintiff's right to be free from unreasonable, excessive and unlawful seizures, as secured by the Fourth and Fourteenth Amendments to the United States Constitution.   The false arrest and false imprisonment of the Plaintiff and other forms of unreasonable seizure of the Plaintiff was undertaken by the defendants in the complete absence of probable cause to do so.

103.     This aforementioned unlawful arrest and imprisonment occurred pursuant to and under the direct supervision of Defendant City of Eau Claire.

104.     As a direct and proximate result of the acts and conduct of the defendants complained of herein, Plaintiff has sustained the following injuries and damages, among others:

   a.   Physical injury;

   b.   Deprivation of liberty;

c.  Pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

**CLAIM III**
**42 U.S.C. 1983 – <u>MONELL</u> CLAIM**
**AS TO DEFENDANT CITY OF EAU CLAIRE**

105.    Stabenow incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

106.    At all times herein the Defendant City of Eau Claire established, promulgated, implemented and maintained customs, policies and/or practices, with regard to the Eau Claire Police Department.

107.    At all times herein Defendant City of Eau Claire established, promulgated, implemented and maintained the following customs, policies and/or practices:

a.  Inadequately training, supervising and/or disciplining its police officers and supervisors, Defendant City of Eau Claire knew, or about whom were on actual notice, who used or had been known to use excessive and unreasonable practices with regard to the execution of investigations;

b.  Inadequately training, supervision and/or disciplining those police officers and supervisors' Defendant City of Eau Claire knew, or about whom were on actual notice, who used or had been known to undertake and engage in unlawful, unreasonable and excessive seizures, of others;

c.  Inadequately training, supervising and/or disciplining its police officers and supervisors, with regard to the circumstances and procedures under which to undertake seizures, entries, arrests and searches into and onto the premises of others;

d.  Inadequately training, supervising and/or disciplining its police offices and supervisors, with regard to the circumstances and procedures under which to employ physical force such as body slamming, face slamming, and battery of a citizen;

e.  Inadequately training, supervising and/or disciplining its police offices and supervisors, with regard to the circumstances and procedures under which to involuntarily and coercively confine, and thereby falsely arrest and imprison persons whom they know or should know to have done nothing wrong.

108.  Each of the above policies of inadequate training, supervision, and discipline of the individual defendants and others, was known to the defendant City of Eau Claire as highly likely and probable to cause violations of constitutional rights of members of the public in general and the Plaintiff herein, in particular.

109.  As a direct and proximate result of the acts and conduct of the Defendants complained of herein, plaintiff has sustained the following injuries and damages, among others:

a.  Physical injury;

b.  Deprivation of liberty;

c.  Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

17

## CLAIM IV
## ASSAULT AND BATTERY – ALL EAU CLAIRE DEFENDANT POLICE OFFICERS

110.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

111.    This court has jurisdiction over the allegations contained in this Count under the equitable doctrine of pendent and supplemental jurisdiction, as the state tort claims alleged in this Fourth Claim for Relief arise from the same facts and circumstances underpinning Plaintiff's federal causes of action.

112.    The actions of Defendants Eau Claire police officers, as described fully herein, constituted, among other things, unlawful assault and battery under state law, to wit:  Intentional, unlawful bodily injury to Plaintiff Stabenow coupled with defendants' arrest of Stabenow, was unjustified and unlawful, and consequently any alleged resistance to said assault, battery and arrest was reasonable and justified.

113.    As a direct and proximate result of the acts and conduct of the defendants complained of herein, plaintiff has sustained the following injuries and damages, among others:

    a.  Physical injury;

    b.  Deprivation of liberty;

    c.  Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

## CLAIM V
## 42 U.S.C. 1983 – FAILURE TO INTERVENE – ALL EAU CLAIRE DEFENDANT POLICE OFFICERS

114.    Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs, as if fully set forth herein.

115.    At all times material hereto Defendants, Eau Claire police officers, had a legal duty to use the amount of force reasonable under the circumstances and none with a citizen causing no harm.

116.    At all times material hereto Defendants had a legal duty when present to intervene to prevent other law enforcement officers from infringing on the constitutional rights of citizens.

117.    Defendants failed to intervene while other Eau Claire Police Officer Defendants used excessive force on Plaintiff.

118.    Defendants had a realistic opportunity to intervene and prevent harm from occurring but failed to do so.

119.    Defendants knew at the time that Plaintiff was not alleged to have harmed anyone, and that the parties at the scene were calm and cooperative.

120.    As a direct and proximate result of the acts and conduct of Defendants, plaintiff has sustained the following injuries and damages, among others:

a.    Physical injury;

b.    Deprivation of liberty;

c.    Emotional and psychological injury, including but not limited to anxiety, pain, suffering, mental anguish, public and private humiliation, embarrassment and emotional distress, past and future;

## CLAIM VI
## INDEMNIFICATION

121.    Each of the paragraphs of this Complaint is incorporated as if restated fully herein.

122.    Wisconsin law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

123.    The Defendant Officers are or were employees of the Eau Claire Police Department and acted within the scope of their employment in committing the misconduct described herein.

## CLAIM VII
## MALICIOUS PROSECUTION – ALL DEFENDANTS

124.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

125.    Defendants Police Officers and Defendants Matijevic, Bernitt, and Bonafide Recovery and Transport, LLC caused Mr. Stabenow to be improperly subjected to judicial proceedings for which there was no legitimate probable cause.  These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were ultimately terminated in Mr. Stabenow's favor in a manner indicative of innocence.

126.    Defendants accused Mr. Stabenow of criminal activities knowing those accusations to be without genuine probable cause, and made statements to the police and/or prosecutors with the intent of exerting influence to institute and continue the judicial proceedings.

127.    Defendants also fabricated evidence and withheld the manner in which that evidence was fabricated.

128.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

129.    As a result of this misconduct, Mr. Stabenow sustained injuries, including emotional pain and suffering, as more fully alleged above.

## CLAIM VIII
## ABUSE OF PROCESS – ALL DEFENDANTS

130.    Plaintiffs' reallege the allegations in the preceding paragraphs as though set forth in full herein.

131.    Defendants Bonafide Recovery and Transport, LLC by and through its employees Michael Matijevic and Carrie Bernitt, and Defendants Michael Matijevic and Carrie Bernitt in their individual capacity called police dispatch and lied with regard to the conduct of Plaintiff Chester Stabenow and his family members maliciously knowing their statements were false.

132.    Defendants lied to the dispatcher and to police on the scene for the improper purpose of harassing and humiliating the Plaintiff and for the improper purpose of harming the Plaintiff.

133.    There was no basis in law or fact to lie to the dispatcher and police regarding plaintiff's conduct.

134.    Many of the allegations were false and caused harm to Plaintiff Stabenow.

135.    Plaintiff Stabenow was arrested based on Defendants false allegations.

136.    The CCAP criminal case stemming from defendants lies is readily available to the public searching for any cases involving the Plaintiff despite its' dismissal.

137.    As a direct and proximate result of Defendants' abuse of process, Plaintiff has

incurred pain, suffering, emotional distress, damage to his reputation, embarrassment, and humiliation.

138.    Defendant police officers conduct in this claim violated Stabenow's constitutional rights, a Fourth Amendment violation of due process, while other defendants committed a tort of abuse of process.

139.    Defendants' actions were willful or with reckless disregard entitling Plaintiff to punitive damages in an amount determined reasonable by a jury.

## CLAIM IX
## NEGLIGENT MISREPRESENTATION – ALL DEFENDANTS

140.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

141.    As described more fully above, Defendants made representations to the police and/or prosecution that Mr. Stabenow committed crimes of disorderly conduct, resisting arrest, and obstructing an officer.

142.    Defendants statements were not true, but the police and/or prosecution relied on them nevertheless to prosecute Mr. Stabenow.

143.    Defendant police officers conduct in this claim violated Stabenow's constitutional rights, a Fourth Amendment violation of due process.  While other defendants committed a tort.

144.    As a result of these misrepresentations, Stabenow suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

## CLAIM X
## INTENTIONAL MISREPRESENTATION – ALL DEFENDANTS

145.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

146.    Defendants made representations to the police and / or prosecution that Mr. Stabenow tried to harm officers, that he resisted officers, and that he committed disorderly conduct before officers arrived.

147.    Defendants statements were not true, but the police and/or prosecution relied on them nevertheless to prosecute Mr. Stabenow.

148.    Defendants knew their statements were untrue and / or they were reckless in making these representations.

149.    In addition, in making these representations, Defendants, intended to deceive the police and/or prosecution.

150.    Defendant police officers conduct in this claim violated Stabenow's constitutional rights, a Fourth Amendment violation of due process.  While other defendants committed a tort.

151.    As a result of these misrepresentations, Stabenow suffered injuries, including but not limited to emotional distress, as is more fully alleged above.

## CLAIM XI
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS

152.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

153.    In the manner described more fully above, by manipulating the evidence to inculpate Stabenow, defendants caused Plaintiff severe emotional distress.

154.    In doing so, Defendants conduct fell below the applicable standard of care and was the cause-in-fact of Plaintiff's injuries.

155.    As a result of Defendants conduct Plaintiff Stabenow suffered injuries, including severe emotional distress, as is more fully alleged above.

## CLAIM XII

23

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS – ALL DEFENDANTS**

156.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

157.     In the manner described more fully above, by wrongfully inculpating Stabenow in a crime he did not commit, Defendants intended to cause emotional distress.

158.     In doing so, Defendants' conduct was extreme and outrageous and caused Stabenow severe, disabling emotional distress.

159.     The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

160.     As a result of this misconduct, Plaintiff Stabenow sustained injuries, including emotional pain and suffering, as is more fully alleged above.

**CLAIM XIII**
**SUPERVISOR LIABILITY – BONAFIDE RECOVERY AND TRANSPORT, LLC**

161.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

162.     Defendants Matijevic and Bernitt were employees of Defendant Bonafide Recovery and Transport, LLC.

163.     Defendants Matijevic and Bernitt's actions of lying to dispatch and to police officers on the scene were a cause of the injuries Stabenow suffered as it was a substantial factor in producing the injury to Stabenow.

164.     Defendant Bonafide Recovery and Transport, LLC was negligent in hiring, training, and supervising its employees, defendants Matijevic and Bernitt.

165.     Defendant's negligent hiring, training, and supervision of defendants Matijevic and Bernitt created an unreasonable risk of injury or damage to a person or property from the

employees conduct.

166.    Defendant's negligence was a cause of the employee's conduct and thus a cause of Stabenow's injuries.

## RELIEF REQUESTED

Wherefore, Plaintiff Stabenow demands the following relief jointly and severally against all Defendants in a monetary amount a jury deems reasonable and:

a.   A declaration that Defendants violated the federal rights of Plaintiff;

b.   Compensatory damages for the physical, emotional, economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence at trial;

c.   Punitive and exemplary damages as to the individual defendants to the extent allowable by law;

d.   Attorney fees and costs as allowed, pursuant to 42 U.S.C. § 1988; and

e.   Such other and further relief as appears just and proper.


Dated: December 27, 2019

                                        DAVEY & GOLDMAN

                                        _____/s/ Lisa C. Goldman_____
                                        Lisa C. Goldman, SBN 1029893
                                        Davey & Goldman
                                        5609 Medical Circle, Suite 101
                                        Madison, WI 53719
                                        (608) 630-9700 (telephone)
                                        (608) 205-5645 (facsimile)
                                        lgoldman@daveygoldman.com (email)

                                        Attorneys for Plaintiff